[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-13850

_____

D.C. Docket No. 3:18-cv-01504-MCR-CJK

CHARLES JUNIOR BARBER,

Plaintiff - Appellant,

versus

DENIS A. VILCHEZ,
Doctor,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(May 7, 2021)

Before WILSON, ROSENBAUM, and HULL, Circuit Judges.

PER CURIAM:

While incarcerated at the Walton Correctional Institute ("WCI"), Plaintiff-Appellant Charles Barber encountered mold, and his hand became infected.  Barber claims Defendant-Appellee Denis Vilchez, who was employed as a doctor at the WCI, provided insufficient medical care for the bacterial infection, which then caused Barber further injury and pain.  Barber filed a complaint under 42 U.S.C. § 1983, alleging Dr. Vilchez violated his Eighth Amendment rights through his deliberate indifference to Barber's serious medical needs.  A magistrate judge issued a report and recommendation ("R&R") that found Barber's complaint to be both time-barred and an abuse of the judicial process, and the district court adopted that R&R.  It then dismissed the case under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915(e)(2)(B)(ii).

In this appeal, Barber challenges both grounds for dismissal.  Concerning the finding that his claim was barred by the applicable statute of limitations, Barber asserts this Court should recognize the doctrine of equitable tolling in civil-rights cases brought by prisoners who are required to exhaust their administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e.  In Barber's view, if we toll the period during which he pursued these administrative remedies and add that time to the relevant statute of limitations, his complaint was timely filed.

As for the district court's finding that Barber failed to provide truthful answers to questions on the Civil Rights Complaint Form and that he abused the judicial

process as a result, Barber contends the district court failed to make the requisite findings of bad-faith litigiousness or manipulative tactics that would warrant dismissal of his lawsuit. He also claims the district court did not make clear that it had considered lesser sanctions before entering the dismissal with prejudice.

We decline to address these arguments because Barber waived them by failing to object to the R&R on these grounds. We recognize that Barber filed a "Request Motion to Change Venue, Continuous and Reinstate Civil Complaint" in response to the R&R, and given Barber's *pro se* status, we liberally construe that filing as an objection to the R&R. *See Waldman v. Conway*, 871 F.3d 1283, 1289 (11th Cir. 2017) (per curiam) (acknowledging that *pro se* pleadings are held to a less stringent standard and are liberally construed). But nowhere in that "objection" did Barber advance his theory that equitable tolling should toll the statutory period while Barber was exhausting his administrative remedies or that the district court failed to make sufficient findings to dismiss the complaint as an abuse of the judicial process. Instead, Barber merely referred back to an earlier case he had filed against Dr. Vilchez, claiming that lawsuit should not have been dismissed for failure to timely effect service of process.

We will not consider an issue raised for the first time on appeal. *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004). Because Barber failed in the district court to raise the issues and arguments now presented, we do

3

not consider them.  *Id.*  Though this general rule has limited exceptions, we decline on this record to exercise our discretion and consider Barber's newly minted arguments in the first instance on appeal.

Accordingly, the district court's dismissal of Barber's Complaint is **AFFIRMED.**